IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ANNA[1] T. FLEMING

                Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                Defendant.

No. 03:10-CV-990-HZ

OPINION & ORDER


Tim D. Wilborn
WILBORN LAW OFFICE, PC
P.O. Box 2768
Oregon City, OR 97045

---

[1]Plaintiff's first name is correctly spelled "Ana".  Tr. 27.  I do not correct the spelling in the caption because the complaint was filed with this incorrect spelling.  Dkt. #1.

1 - OPINION & ORDER

Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Richard Rodriguez
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Ana Fleming brings this action seeking judicial review of the Commissioner's

final decision to deny supplemental security income (SSI).  This Court has jurisdiction pursuant

to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)).  For the following reasons, I

affirm the Commissioner's decision.

PROCEDURAL BACKGROUND

Plaintiff protectively filed for SSI on November 28, 2006, alleging an onset date of June

15, 2002.  Tr. 87.  Her application was denied initially and on reconsideration.  Tr. 51-52.  On

April 10, 2009, plaintiff appeared for a hearing before an Administrative Law Judge (ALJ).  Tr.

22.  On July 15, 2009, the ALJ found plaintiff not disabled.  Tr. 11-21.  The Appeals Council

denied review.  Tr. 1-5.

FACTUAL BACKGROUND

Plaintiff alleges disability based on liver problems, bipolar disorder, hepatitis C, cysts on

adrenal gland, sleep apnea, gastritis, and degenerative disc disease in the lower back.  Tr. 100.

2 - OPINION & ORDER

At the time of the hearing, she was 40 years old. Tr. 22, 87. She has completed the 7th grade. Tr. 107. Because the parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her application date of November 28, 2006. Tr. 16. Next, at step two, the ALJ determined that plaintiff had the severe impairments of depression, not otherwise specified (NOS); anxiety NOS; personality disorder NOS; hepatitis C; and colitis. Id. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 16-17. Next, the ALJ determined that plaintiff had a residual functional capacity (RFC) to perform less than the full range of light work; could occasionally climb ladders, rope, and scaffolds; occasionally stoop; and do simple, routine tasks requiring no more than occasional contact with the public and co-workers. Tr. 17. At step four, the ALJ found that the plaintiff had no past relevant work. Tr. 20. The ALJ made a finding at step five, and concluded that the plaintiff was not disabled. Tr. 20-21. Considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could perform work as a small products assembler or blind stitch machine operator. Tr. 21.

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings are based on legal error or are not supported by substantial evidence in

the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial

evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal

quotation omitted).  The court considers the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d

1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational

interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal

quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.

2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not

substitute [its] judgment for the ALJ's") (internal quotation omitted).

DISCUSSION

Plaintiff contends that the ALJ erred in concluding the she was not disabled.  Specifically,

she contends that the ALJ erroneously (1) found that her mental impairments did not meet or

equal listings 12.04, 12.06, or 12.08, (2) rejected the opinions of Drs. Robin Rose and Grant

Rawlins, (3) rejected her testimony, (4) rejected lay witness statements, and (5) presented an

invalid hypothetical to the vocational expert.  I will begin with the finding on plaintiff's

credibility, as it is the basis for other errors raised by plaintiff.

I.  Credibility

Plaintiff asserts that the ALJ erroneously rejected her testimony.  Pl.'s Br. 16.  The ALJ

must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. Lingenfelter, 504 F.3d at 1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins, 466 F.3d at 883; see also Bunnell, 947 F.2d at 346-47.

The ALJ did not find plaintiff credible with respect to her statements about the intensity, persistence, and limiting effects of the symptoms caused by her impairments. Tr. 18. Specifically, the ALJ did not find that her testimony concerning her functional limitations were credible. Id. In coming to this conclusion, the ALJ relied on plaintiff's reported activities of daily living and a function report from plaintiff's mother, Johannah Kieffer. Tr. 18, 109-16. At

6 - OPINION & ORDER

the April 2009 hearing, plaintiff had testified that she would need to be on the toilet for about

half the day due to her Crohn's disease, and thus could not work even with the appropriate

limitations in place, such as sitting or standing as she wished. Id. at 18. The ALJ found plaintiff

not credible because plaintiff had previously reported greater functionality. At the hearing,

plaintiff testified that she walked or hitchhiked a couple of miles to attend church weekly. Tr.

18, 41. She also reported in July 2007 that she walked five miles daily for the past eight months

in order to lose weight. Tr. 19, 399. Plaintiff's mother reported in December 2006 that she and

plaintiff would clean, garden, and watch movies together for six to seven hours a week. Tr. 109.

Thus, there was substantial evidence to support the ALJ's finding regarding plaintiff's credibility.

The ALJ may cite a claimant's activities of daily living in his credibility analysis,

Smolen, 80 F.3d at 1284, and may cite such activities in finding them inconsistent with a

claimant's allegation of total disability. Batson, 359 F.3d at 1196. The record reflects the ALJ's

findings regarding plaintiff's reports of her daily activities. Tr. 109-116, 117-24, 399. This court

must defer to an ALJ's interpretation of a claimant's daily activities, even where other

interpretations more favorable to the claimant may arise. Rollins v. Massinari, 261 F.3d 853, 857

(9th Cir. 2001). This finding is therefore affirmed.

II.      Meeting or Equaling a Listed Impairment

Plaintiff disputes the ALJ's finding that she does not meet or equal a listed impairment at

step three. Pl.'s Br. 9. Specifically, she claims that the opinion of Dr. Grant Rawlins establishes

that she meets or equals Listings 12.04 Affective Disorders, 12.06 Anxiety Related Disorder, and

12.08 Personality Disorders. Id. at 9-10. The required level of severity for affective disorder,

anxiety related disorder, and personality disorder is met if the criteria in paragraph A and B are

7 - OPINION & ORDER

satisfied.[2]  All three listings have the following paragraph B criteria, two of which must be met:

(1) marked restriction of activities of daily living, (2) marked difficulties in maintaining social

functioning, (3) marked difficulties in maintaining concentration, persistence, or pace, or (4)

repeated episodes of decompensation, each of extended duration.  20 C.F.R. Pt. 404, Subpt. P,

App. 1, §§ 12.04(B), 12.06(B), 12.08(B).  The ALJ found that paragraph B was not met in any of

the three listed disorders.  He relied on the assessments of Drs. Peter LeBray and Frank Lahman,

both of whom did not find that plaintiff had a marked restriction in any of the paragraph B

criteria.  Tr. 17, 349.  In contrast, Dr. Rawlins found that plaintiff had marked restrictions in

activities of daily living and social functioning.  Tr. 441.  Dr. Rawlins also noted that plaintiff

was "not capable of performing simple and repetitive tasks on a consistent basis, let alone

complex tasks", though he did not expressly stated that this was a marked restriction.  Id.

"[T]he conclusion of a non-examining physician is entitled to less weight than the

conclusion of an examining physician.. . .The non-examining physicians' conclusion, with

nothing more, does not constitute substantial evidence, particularly in view of the conflicting

observations, opinions, and conclusions of an examining physician."  Pitzer v. Sullivan, 908 F.2d

502, 506, n.4 (9th Cir. 1990).  Here, the ALJ discounted Dr. Rawlins's opinion because his

conclusion was largely based on claimant's own assessment of her limitations, which the ALJ

had found to be not entirely credible.  Tr. 18, 19.  The ALJ also gave significant weight to Dr.

Thomas Shields, who examined plaintiff in January 2007.  Id.  Dr. Shields did not find any

marked restrictions in activities of daily living, as Dr. Rawlins had.  In fact, Dr. Shields noted

---

[2]Alternatively, for affective disorder and anxiety related disorder, the required level of severity is met by satisfying paragraph C.  The ALJ found that plaintiff did not meet the criteria in paragraph C, a finding which plaintiff has not disputed.  Tr. 17.

8 - OPINION & ORDER

that plaintiff could "independently manage her hygiene and grooming", "independently dress, use the restroom, prepare meals... [and] manage her own finances".[3] Tr. 333. The ALJ's finding that the paragraph B criteria were not satisfied is supported by substantial evidence.

Plaintiff further argues that the ALJ erred by making a cursory finding that plaintiff did not equal a listing. However, the ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001). There is no indication from the record, nor plaintiff's brief, that such an effort was made. Plaintiff only argues that Dr. Rawlins's opinion establishes that "plaintiff's combined impairments result in her being functionally and medically as limited as . . . an individual who is deemed to meet Listings 12.04, 12.06, and/or 12.08." Pl.'s Br. 13. Even if Dr. Rawlins's opinion had not been rejected, plaintiff does not specify which portions of Dr. Rawlins's opinion would support an equivalency finding. The ALJ did not err in his finding regarding equivalence.

III.     Medical Evidence

Plaintiff argues that the ALJ improperly rejected the opinions of Dr. Robin Rose and Dr. Rawlins. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and

---

[3]Drs. LeBray and Lahman relied in part on Dr. Shields' report in their assessment. In contrast, the records that Dr. Rawlins reviewed were his own assessment of plaintiff from 1995, progress notes from a nurse practitioner from a three-month period in 2007, and a 1996 assessment by Dr. Edwin Pearson. Tr. 436.

an examining physician's opinion carries more weight than a reviewing physician's.  Id. at 1202.

When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if

that opinion is brief, conclusory, and inadequately supported by clinical findings.  Bayliss v.

Barnhart, 427 F.3d 1211, 1216  (9th Cir. 2005).

The ALJ discounted the opinions of Drs. Rose and Rawlins because "the examinations

relied on little objective testing and took at face value much of the claimant's subjective

statements of her limitations."  Tr. 19.  The ALJ may properly reject an opinion if it is premised

on the claimant's subjective complaints, and the ALJ has already validly discounted the

claimant's complaints.  Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).  Dr. Rawlins prepared

a psychodiagnostic report, which is indeed largely based on plaintiff's statements.  Tr. 436-41.

As discussed earlier, plaintiff was not found to be entirely credible with respect to the symptoms

of her impairments.  Therefore, the ALJ did not error in discounting the testimony of Dr.

Rawlins.

The ALJ also noted inconsistencies within Dr. Rose's report.  Dr. Rose reported that

plaintiff's current functional status was that she could "walk without restriction", was "not

restricted in standing", and "not restricted in lifting".  Tr. 426.  Later in the report, Dr. Rose put

restrictions on plaintiff's ability to walk, stand, and lift.[4]  Tr. 431.  These internal inconsistencies

are relevant evidence to discount Dr. Rose's opinion.  Morgan v. Commissioner of the SSA, 169

F.3d 595, 603 (9th Cir. 1999).  The ALJ did not err in giving greater weight to other medical

evidence because he had properly discounted the opinions of Drs. Rawlins and Rose.

---

[4]Dr. Rose limited plaintiff to standing and walking for four hours in an eight-hour work
day, lifting 20 pounds frequently, and 35 pounds occasionally.  Tr. 431-32.

10 - OPINION & ORDER

IV.     Lay Witness Testimony

Plaintiff argues that the ALJ did not properly account for Ms. Kieffer's lay witness testimony. Pl.'s Br. 18. The ALJ stated that Ms. Kieffer's statement "did not add significantly to the claimant's alleged limitations" because the statement supported a "significant level of activity" by plaintiff. Tr. 18. In other words, the ALJ found that Ms. Kieffer's statement discredited statements made by plaintiff. Id.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3); Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. Bruce, 557 F.3d at 1115; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ did not reject Ms. Kieffer's statement. Quite the opposite, the ALJ used Ms. Kieffer's statement to support his credibility determination of plaintiff. Tr. 18. Plaintiff further argues that the ALJ failed to discuss Ms. Kieffer's statements with respect to plaintiff's inability to concentrate, follow simple instructions, or multi-task; her panic attacks, her poor social functioning, and other similar observations. Pl.'s Br. 18. While the ALJ "must explain why 'significant probative evidence has been rejected'", there is no requirement to "discuss all evidence  presented". Vincent on behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Here, the ALJ did not reject these statement by Ms. Kieffer. In fact, the ALJ included such restrictions in plaintiff's RFC. Tr. 17. He limited plaintiff to simple, routine tasks

11 - OPINION & ORDER

and only occasional contact with the public and co-workers.  Id.  The ALJ did not err with

respect to evaluating Ms. Kieffer's statement.

V.      Invalid Hypothetical

Plaintiff argues that the hypothetical presented to the vocational expert (VE) was invalid

because it did not contain all the proper limitations and restrictions.  Pl.'s Br. 19.  This allegation

of error is based upon limitations asserted by plaintiff, Ms. Kieffer, Dr. Rose, and Dr. Rawlins.

Because I have already found that the ALJ made proper findings with respect to all these

individuals, plaintiff's allegation of an invalid hypothetical is unsupported.

CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this    20th    day of October, 2011

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge